IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN D. LISLE, #R40159, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00435-SMY |
| | ) |
| FRANK LAWRENCE, | ) |
| LIEUTENANT G, | ) |
| MAJOR DOE, | ) |
| TAYLOR, *Internal Affairs* | ) |
| NURSE MARRYANN, | ) |
| JOHN DOE, *Officer*, | ) |
| JOHN DOE, *Internal Affairs Officer*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Steven Lisle, an inmate of the Illinois Department of Corrections ("IDOC") is currently incarcerated at Dixon Correctional Center. He originally filed this civil rights action as *Lisle v. Lieutenant G, et al.*, (Case No. 19-cv-427-SMY) related to incidents that occurred when he was incarcerated at Menard Correctional Center ("Menard"). After screening the Complaint, the Court severed a number of Plaintiff's claims into a separate action against Defendants Warden Frank Lawrence, Lieutenant G, Major Doe, Taylor, Nurse MarryAnn, Officer John Doe, and Internal Affairs Officer Doe. (Doc. 1). The instant case contains Counts 1 through 5, described as follows:

> **Count 1:** First Amendment retaliation claim against Major Doe for physically assaulting Plaintiff on March 29, 2019 in retaliation for filing a lawsuit against Nurse Chitty.
>
> **Count 2:** Eighth Amendment excessive force claim against Major Doe and Officer Doe for slamming Plaintiff's hand in the chuckhole door and attempting to break his arm on March 29, 2019.

1

**Count 3:** Eighth Amendment claim against Nurse MarryAnn for failing to intervene to stop Major Doe and Officer Doe from using excessive force against Plaintiff on March 29, 2019.

**Count 4:** Eighth Amendment deliberate indifference claim against Major Doe, Officer Doe, and Nurse MarryAnn for denying Plaintiff medical and/or mental health treatment for the injuries they inflicted and he self-inflicted on March 29, 2019.

**Count 5:** Illinois state law claim against Internal Affairs Officer Taylor, Internal Affairs Officer Doe, Lieutenant G, and Warden Lawrence for negligent spoliation of video footage of the physical assault that occurred on March 29, 2019.

Plaintiff's claims in this severed case are now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff is a seriously mentally ill inmate with a well-documented history of suicide attempts involving the ingestion of sharp objects. His struggles to obtain mental health and medical treatment, which is the subject of ongoing litigation in this District. (Doc. 2, p. 25) (listing cases).

On March 29, 2019, Plaintiff was physically assaulted by Major Doe in retaliation for filing a lawsuit to challenge the manner in which his medication was administered.[1] (*Id*. at pp. 3-7). As Nurse MarryAnn handed Plaintiff his medication through the chuckhole door, Major Doe and Officer Doe slammed the door and punched the medication from his hand. They continued to

---

[1] That lawsuit involves a claim against Nurse Chitty for allegedly lacing Plaintiff's medication with rat poison and placing it directly into his mouth while he was cuffed and unable to inspect it. *See Lisle, Jr. v. Senor-Moore, et al.*, No. 19-cv-00163-NJR (S.D. Ill.). The nurse is not a Defendant in this action, and Plaintiff asserts no claims against her in the Complaint. *See Lisle, Jr. v. Senor-Moore, et al.*, No. 19-cv-00163-NJR (S.D. Ill.).

punch and slam his arm in an attempt to break it. Plaintiff's arm was cut, bruised, and bloody. (*Id*. at p. 3). All three Defendants denied Plaintiff adequate medical treatment for his injuries. (*Id*. at pp. 6-7).

In addition to the injuries he sustained during the staff assault, Plaintiff suffered self-inflicted injuries. The three Defendants were aware that Plaintiff was recently taken off of suicide watch and was still in a "fragile" mental state. They observed Plaintiff use sharp metal objects to cut his arm until it bled and swallow available glass, paper clips, metal, and screws until he coughed up blood. Even so, they refused to provide him with access to medical care or mental health treatment on March 29, 2019. (*Id*.). Internal Affairs Officer Taylor, Internal Affairs Officer Doe, Lieutenant G, and Warden Frank Lawrence were aware of the assault and Plaintiff's request that video evidence be preserved but failed to preserve video footage from March 29, 2019. (*Id*. at pp. 9-11).

## **Preliminary Dismissals**

Plaintiff asserts claims against each defendant in his or her individual and official capacities (Doc. 2, p. 2). However, when a plaintiff seeks monetary damages against a state official, he must bring the suit against the official in his or her individual capacity. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). This is because §1983 creates a federal remedy against any "person" who, under color of state law, deprives "any citizen of the United States...of any rights, privileges, or immunities secured by the Constitution and laws." *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dep't. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). "Neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the official capacity claims against Lieutenant G, Major

Doe, Taylor, Nurse MarryAnn, Officer John Doe, and Internal Affairs Officer Doe are **DISMISSED** with prejudice.

Warden Lawrence would be a proper defendant in his official capacity for purposes of injunctive relief. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Here however, Plaintiff is no longer incarcerated at Menard where the events giving rise to this action occurred and, therefore, any request for injunctive relief is moot. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot."). Warden Lawrence will remain in the case in his official capacity for purposes of identifying the Unknown/Doe Defendants.

## Discussion

### Count 1

For a First Amendment retaliation claim, Plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Retaliation for filing a legitimate lawsuit is clearly protected by the First Amendment. *Zorzi v. County of Putnam,* 30 F.3d 885, 896 (7th Cir.1994). Thus, the Complaint states a colorable First Amendment retaliation claim in Count 1 against Defendant Major Doe.

### Counts 2 and 3

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Correctional officers violate the

Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) (internal citations and quotation marks omitted). A prison official may also be held liable where he or she witnesses an incident of excessive force against a prisoner, but fails to intervene to stop the unconstitutional conduct. *See Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases); *Archie v. City of Racine*, 826 F.2d 480, 491 (7th Cir. 1987). Plaintiff's The Complaint sets forth sufficient allegations to proceed on an Eighth Amendment excessive force claim in Count 2 against Defendants Major Doe and Officer Doe and in Count 3 against Nurse MarryAnn.

### Count 4

An Eighth Amendment claim based on the denial of medical care requires a plaintiff to show that (1) his medical condition was sufficiently serious, and (2) the defendants acted with deliberate indifference to his medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). The allegations in Count 4 sufficiently state a deliberate indifference claim against Major Doe, Officer Doe, and Nurse MarryAnn for the denial of medical treatment for Plaintiff's self-inflicted injuries and injuries he sustained during the assault. *See Cooper v. Casey*, 97 F.3d 914 (7th Cir. 1996) (failure to obtain medical assistance for an inmate who has been assaulted may constitute deliberate indifference to a serious medical need). Accordingly, Count 4 will proceed against Major Doe, Officer Doe, and Nurse MarryAnn.

### Count 5

Although Illinois does not recognize a claim for intentional spoliation of evidence, a plaintiff can bring a claim for negligent spoliation of evidence. *Borsellino v. Goldman Sachs*

*Group, Inc.*, 477 F.3d 502, 509-10 (7th Cir. 2007) (citing *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 273 (Ill. 1995)). To state such a claim, a plaintiff must allege a duty to protect the evidence allegedly destroyed, a breach of that duty, causation, and damages. *Id*. A duty to preserve evidence may arise if: "(1) it arises by agreement, contract, statute, special circumstance, or voluntary undertaking (called the 'relationship' prong), and (2) a reasonable person should have foreseen that certain evidence at issue was material to a potential civil action (called the 'foreseeability' prong)." *Olivarius v. Tharaldson Prop. Management, Inc.,* 695 F.Supp.2d 824, 829 (N.D.Ill. 2010) (citing *Dardeen v. Kuehling,* 821 N.E.2d 227, 231 (Ill. 2004)). To establish a special circumstance "something more than possession and control are required, such as a request by the plaintiff to preserve the evidence and/or the defendant's segregation of the evidence for the plaintiff's benefit." *Martin v. Keeley & Sons, Inc.,* 979 N.E.2d 22, 31 (Ill. 2012).

Plaintiff alleges that Internal Affairs Officer Taylor, Internal Affairs Officer Doe, Lieutenant G, and Warden Lawrence were aware of the physical assault that occurred on March 29, 2019 and failed to preserve video footage. He also alleges that he asked each of them to preserve the video evidence. These allegations suggest that special circumstances existed which a reasonable person should have foreseen as necessitating the preservation of evidence. Count 5 will therefore proceed against Internal Affairs Officer Taylor, Internal Affairs Officer Doe, Lieutenant G, and Warden Lawrence.

### Identification of Unknown Defendants

Plaintiff will be allowed to proceed against Lieutenant G, Major Doe, Officer Doe, and Internal Affairs Office Doe. However, these defendants must be identified with particularity before service of the Complaint can be made on them. Plaintiff will have an opportunity to engage in limited discovery to ascertain the identity of these Defendants. *Rodriguez v. Plymouth*

6

*Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Warden Lawrence, in his official capacity, shall respond to discovery aimed at identifying these unknown Defendants. Once their names are discovered, Plaintiff must file a motion to substitute each newly identified Defendant in place of the generic designations in the case caption and throughout the Complaint. Failure to do so will result in dismissal of the unknown Defendants from this action.

## Motion for Appointment of Counsel

Plaintiff filed a Motion for Appointment of Counsel. (Doc. 4). Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 654).

Plaintiff admits that he has made no effort to seek counsel on his own. He seeks appointed counsel solely on the basis of his serious mental illness. The Court notes, however, that he has conveyed the facts and his claims, which are not complex, sufficient to survive screening. He is no longer incarcerated at the facility where the incidents giving rise to his claims occurred and there do not appear to be any time sensitive issues. Moreover, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").

Once Defendants file their responses, the case will proceed on the issue of exhaustion of administrative remedies and discovery on the merits of his case will be stayed. If Plaintiff encounters difficulty related to discovery and/or any motions on the issue of exhaustion, he may renew his request for appointment of counsel. If Plaintiff does renew his request, he should give the Court rejection letters from at least three lawyers to prove that he has made reasonable efforts to find a lawyer on his own.

For the reasons stated, the Motion for Appointment of Counsel (Doc. 4) is **DENIED** without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint survives preliminary review under Section 1915A as follows: Count 1 will proceed against Defendant Major Doe. Count 2 will proceed against Defendants Major Doe and Officer Doe. Count 3 will proceed against Defendant Nurse MarryAnn. Count 4 will proceed against Defendants Major Doe, Officer Doe, and Nurse MarryAnn. Count 5 will proceed against Defendants Internal Affairs Officer Taylor, Internal Affairs Officer Doe, Lieutenant G, and Warden Frank Lawrence.

The Clerk of Court shall prepare for Defendants Warden Frank Lawrence (official and individual capacities), Taylor (Internal Affairs Officer), Nurse MarryAnn, and, once identified, Lieutenant G, Major Doe, Officer John Doe, and Internal Affairs Officer Doe: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal

service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendants Lieutenant G, Major Doe, Officer John Doe, and Internal Affairs Officer Doe until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C.

§ 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: SEPTEMBER 3, 2019**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, Defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**